UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE RODRIGUEZ,

       Petitioner,

v.                        Case No: 2:12-cv-289-FtM-29DNF

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

       Respondents.[1]

_____

**<u>OPINION AND ORDER</u>**

    This matter comes before the Court upon a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Jorge Rodriguez ("Petitioner") who is presently confined at the South Bay Correctional Facility in South Bay, Florida (Doc. 1).  Petitioner, proceeding *pro* se, attacks the convictions and sentences entered by the Twentieth Judicial Circuit Court in Collier County, Florida, for burglary with assault or battery and felony battery.  <u>Id.</u>

_____

    [1] The Supreme Court has recognized that there "is generally only one proper respondent to a given prisoner's habeas petition." <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 435 (2004).  This is "the person with the ability to produce the prisoner's body before the habeas court." <u>Id.</u> at 435-36. When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official." <u>Id.</u> at 436 (citations omitted). In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

Respondent filed a response to the petition, and Petitioner filed a reply to the response (Doc. 22; Doc. 25).

Petitioner raises three claims in his petition.  He asserts that: (1) his convictions for both burglary with an assault or battery and felony battery violate the United States Constitution's prohibition against double jeopardy; (2) trial counsel was ineffective for failing to advise him that his plea would result in deportation; and (3) trial counsel was ineffective for advising Petitioner to reject an offer of a ten year sentence and instead, enter an open plea to the court (Doc. 1 at 5-8).

Upon due consideration of the petition, the response, the reply, and the state court record, the Court concludes that the petition must be denied.  Because the Court may resolve the Petition on the basis of the record, an evidentiary hearing is not warranted.  <u>See</u> Rule 8, Rules Governing Habeas Corpus Petitions under Section 2254.

I.   **Background and Procedural History**

On December 17, 2007, Petitioner was charged by information with burglary with an assault or battery in violation of Florida Statute § 810.02 (count one) and with battery causing great bodily harm, permanent disability, or permanent disfigurement in violation of Florida Statue § 784.041 (Ex. 1).[2]

---

[2] The referenced exhibits are those filed by Respondent on December 26, 2012 (Doc. 23).

On September 8, 2009, Petitioner entered an open plea to the court on both counts (Ex. 2). Petitioner was sentenced to twenty years in prison, followed by ten years of probation on count one. He was sentenced to a concurrent term of five years in prison on count two (Ex. 3).

On December 14, 2009, Petitioner filed a motion to correct a sentencing error (Ex. 4).  In the motion, Petitioner argued that his convictions for burglary with assault or battery and felony battery were in violation of double jeopardy. Id.  The motion was denied on the ground that it impermissibly attacked Petitioner's conviction instead of his sentence (Ex. 5).  Petitioner then raised the same claim and another claim of ineffective assistance of counsel in a motion filed pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 motion") (Ex. 6).  The post-conviction court denied the motion (Ex. 9), and Florida's Second District Court of Appeal per curiam affirmed (Ex. 13); Rodriguez v. State, 96 So. 3d 897 (Fla. 2d DCA 2012).

On September 10, 2008, Petitioner filed a second Rule 3.850 motion in which he argued that counsel was ineffective for advising him to reject the state's ten year plea offer because counsel believed that Petitioner would receive a lesser sentence if he entered an open plea to the court (Ex. 14).  The petition was dismissed as untimely by the post-conviction court (Ex. 15). Subsequent to Petitioner filing the instant petition, Florida's

Second District Court of Appeal *per curiam* affirmed the dismissal. Rodriguez v. State, 113 So. 3d 843 (Fla. 2d DCA 2013).

## II.  Governing Legal Principles

### A.  Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This standard is both mandatory and difficult to meet.  White v. Woodall, 134 S. Ct. 1697, 1702 (2014).  A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference.  Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision.  White, 134 S. Ct. at 1702; Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362,

412 (2000)).   A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 529 U.S. at 406). The unreasonable application inquiry "requires the state court decision to be more than incorrect or erroneous," rather, it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18; Ward, 592 F.3d at 1155. Petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in

existing law beyond any possibility for fairminded disagreement." White, 134 S. Ct. at 1702 (quoting Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 786–787 (2011)).

Finally, the Supreme Court has stated that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding[.]" Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (dictum). When reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see, e.g., Burt v. Titlow, 134 S. Ct. 10, 15–16 (2013); Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence").

## B. Standard for Ineffective Assistance of Counsel

In Strickland v. Washington, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984). A petitioner

must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. Id.  This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. Burt, 134 S. Ct. at 13, citing Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011).

The focus of inquiry under Strickland's performance prong is "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688-89.  In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.  Indeed, the petitioner bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690).

As to the prejudice prong of the Strickland standard, Petitioner's burden to demonstrate prejudice is high. Wellington v. Moore, 314 F.3d 1256, 1260 (11th Cir. 2002).  Prejudice "requires showing that counsel's errors were so serious as to

deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.  That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. At 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

In the guilty plea context, to show prejudice Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The inquiry as to whether a reasonable probability exists that a defendant would have insisted on going to trial "should be made objectively, without regard for the 'idiosyncrasies of the particular decision maker.'" Id. at 60 (quoting Evans v. Meyer, 742 F.2d 371, 375 (7th Cir. 1984)).

### C.   Exhaustion and Procedural Default

The AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of available relief under state law. Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A)     the  applicant  has  exhausted  the  remedies
available in the courts of the State; or

(B)
    (i)        there  is  an  absence  of
available State corrective
process; or

    (ii)       circumstances  exist  that
render  such  process
ineffective to protect the
rights of the applicant.

28 U.S.C. § 2254(b)(1) (2012).

Exhaustion of state remedies requires that the state prisoner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" Duncan v. Henry, 513 U.S. 364, 365 (1995) (citing Picard v. Conner, 404 U.S. 270, 275-76 (1971)).  The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim.  Snowden v. Singletary, 135 F.3d 732 (11th Cir. 1998).  In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) (if a petitioner has failed to exhaust state remedies and the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal

habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).  Finally, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. <u>Coleman</u>, 501 U.S. at 750.  If a petitioner attempts to raise a claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. <u>Alderman v. Zant</u>, 22 F.3d 1541, 1549 (11th Cir. 1994).

Procedural default will be excused only in two narrow circumstances.  First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default.  "To establish cause for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." <u>Wright v. Hopper</u>, 169 F.3d 695, 703 (11th Cir. 1999)(internal quotation marks omitted).  To establish prejudice, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. <u>Henderson v. Campbell</u>, 353 F.3d 880, 892 (11th Cir. 2003).

The second exception, known as the fundamental miscarriage of justice, only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction

of one who is actually innocent[.]" <u>Murray v. Carrier</u>, 477 U.S. 478, 479-80 (1986).  Actual innocence means factual innocence, not legal insufficiency.  <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998).  To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense.  <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995).  In addition, "[t]o be credible, a claim of actual innocence must be based on [new] reliable evidence not presented at trial."  <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998) (quoting <u>Schlup</u>, 513 U.S. at 324).

## III. <u>Discussion</u>

### A.   Claim One

Petitioner asserts that his convictions for both burglary with an assault or battery and felony battery violated the United States Constitution's prohibition against double jeopardy (Doc. 1 at 5).  Specifically, Petitioner argues that it was unclear during the plea colloquy which degree of battery was used to convict for the offense of burglary with an assault or battery and because there "was only one incident of battery during the criminal episode making it impossible for two incidents to be the cause of the dual convictions." <u>Id.</u>[3]

---

[3] Petitioner was convicted pursuant to a guilty plea (Ex. 2). Generally, guilty pleas waive all but jurisdictional claims up to the time of the plea. <u>Tollett v. Henderson</u>, 411 U.S. 258, 266-67 (1973) (holding that a guilty plea represents a break in the chain

Petitioner raised this issue in his first Rule 3.850 motion, and the post-conviction court denied the claim as legally insufficient because "[c]onvictions for felony battery and burglary with assault or battery do not violate double jeopardy." (Ex. 9) (citing Irizarry v. State, 905 So. 2d 160 (Fla. 3d DCA 2005); Washington v. State, 752 So. 2d 16 (Fla. 2d DCA 2000); State v. Nardi, 779 So. 2d 596 (Fla. 4th DCA 2001)). Florida's Second District Court of Appeal *per curiam* affirmed the post-conviction court's rejection of the claim (Ex. 13).

Respondent urges that Petitioner's convictions do not violate double jeopardy because the offenses are separate for purposes of multiple punishments under the "same elements" rule originally established by the United States Supreme Court in Blockburger v. United States, 284 U.S. 299 (1932) (Doc. 22 at 8-9). Upon review of Blockburger and other relevant law, the Court agrees that

---

of events that preceded it in the criminal process); Boykin v. Alabama, 395 U.S. 238, 243 (1969) (finding that a plea of guilty is a waiver of several constitutional rights, including the Fifth Amendment privilege against self-incrimination and the Sixth Amendment right to insist on a jury trial). This waiver includes constitutional claims of double jeopardy. See Dermota v. United States, 895 F.2d 1324 (11th Cir. 1990) (double jeopardy claim waived); United States v. Bowman, 523 F. App'x 767 (2d Cir. 2013) ("A valid guilty plea constitutes a waiver of any double jeopardy claims."); United States v. Broce, 488 U.S. 563, 569 (1989)(same). However, there is an exception for claims of double jeopardy violations that are apparent from the face of the record at the time of the plea. Broce, 488 U.S. at 575-76. As Petitioner's argument regarding the alleged double jeopardy violation is based on references to the information and the trial court record, the Court will review Petitioner's double jeopardy claim on the merits.

Petitioner has not demonstrated how the state court's rejection of this claim was contrary to clearly established federal law.

The Double Jeopardy Clause of the United States Constitution protects "against multiple punishments for the same offense." Ohio v. Johnson, 467 U.S. 493, 498 (1984).  To determine whether a double jeopardy violation has occurred based on multiple convictions stemming from the same conduct, but pursuant to separate statutes, the Court must undertake a two-part analysis. See Williams v. Singletary, 78 F.3d 1510, 1513 (11th Cir. 1996). First, the Court must determine "whether there exists a clear legislative intent to impose cumulative punishments, under separate statutory provisions, for the same conduct." Id.  If a clear indication exists of such legislative intent, the double jeopardy bar does not apply. Id.  However, "[i]f there is no clear indication of legislative intent to impose cumulative punishments, [courts] examine the relevant statutes under the same-elements test of Blockburger." Id.  Pursuant to Blockburger's "same-elements" test, "if each statutory offense requires proof of an element not contained in the other, the offenses are not the 'same' and double jeopardy is no bar to cumulative punishment." Id.

In the instant case, it is not clear from the statutory language of the relevant statutes whether the Florida legislature intended to impose cumulative punishments for felony battery and burglary of a dwelling with assault or battery.  As such, the

Court will examine the statutes pursuant to Blockburger's "same-elements" test.

To prove the crime of felony battery, the state must prove that the defendant "actually and intentionally" touched or struck the victim against his or her will and "caused the victim great bodily harm, permanent disability, or permanent disfigurement." See Fla. Pattern Jury Instr. Crim. 8.5; Fla. Stat. §§ 784.041(1)(a),(b).

To prove the offense of burglary of a dwelling with assault or battery, the state must prove that the defendant entered a dwelling with the intent to commit an assault or battery in that dwelling, and in the course of committing the burglary, the defendant committed an assault or battery upon any person.[4] Fla. Pattern Jury Instr. Crim. 13.1.

Thus, although the offenses of felony battery and burglary of a dwelling with battery share a common element of simple battery, each offense additionally requires proof of at least one other element. Felony battery requires proof of great bodily harm,

---

[4] The standard jury instructions define an assault as "an intentional and unlawful threat, either by word or act, to do violence to another, at a time when the defendant appeared to have the ability to carry out the threat and [his or her] act created a well-founded fear in the other person that the violence was about to take place." Fla. Pattern Jury Instr. Crim. 13.1. Battery is defined as "an actual and intentional touching or striking of another person against that person's will or the intentional causing of bodily harm to another person." Id.

permanent disability, or permanent disfigurement which is not a required element of the offense of burglary with an assault or battery, whereas burglary includes the element of entering a dwelling, which felony battery does not.   Thus, because each offense requires proof of an element not included in the other offense, Petitioner was not subjected to multiple punishments for the same offense.   See Irizarry, 905 So. 2d at 167 (rejecting the argument that the appellant's convictions for burglary with a battery and aggravated battery violated the prohibition against double jeopardy); State v. Reardon, 763 So. 2d 418, 419 (Fla. 5th DCA 2000) (there is no statutory or constitutional bar to the entry of convictions of aggravated battery and burglary with a battery arising out of the same criminal episode); Washington v. State, 752 So. 2d 16, 17 (Fla. 2d DCA 2000) (rejecting the argument that the convictions for burglary with a battery and aggravated battery violated the prohibition against double jeopardy).

Petitioner was not subjected to multiple punishments for the same offense, and no double jeopardy violation occurred in his case.   Claim one is denied pursuant to 28 U.S.C. § 2254(d)(1).

   **B.   Claim Two**

In his second claim, Petitioner argues that trial counsel failed to advise him that his guilty plea would result in deportation (Doc. 1 at 7).   Specifically, Petitioner urges that the trial court's warning during the plea colloquy that he "could"

be subject to deportation was "woefully inadequate" and that counsel should have separately advised him of the deportation risk. Id.

Petitioner raised this claim in his first Rule 3.850 motion, and the trial court applied Strickland to conclude that "the deportation warning given under Fla. R. Crim. P. 3.172(c)(80) during the plea colloquy cured any prejudice arising from counsel's alleged mis-advice." (Ex. 9 at 2) (citing to Flores v. State, 57 So. 3d 218(Fla. 4th DCA 2010)). Petitioner appealed the denial of his Rule 3.850 motion, but in his brief on appeal, Petitioner argued only that the trial court had erred by denying his double jeopardy argument (Ex. 11). The Second District Court of Appeal affirmed (Ex. 13).

Respondent asserts that, although Petitioner appealed the denial of his first Rule 3.850 motion, he did not raise substantive arguments regarding this particular claim on appeal, and as a result, it is unexhausted (Doc. 22 at 11). However, because there was no evidentiary hearing held on Petitioner's Rule 3.850 motion, he was not required to file an appellate brief. See Fla. R. App. P. 9.141(b)(d)(providing that no briefs or oral arguments are required in appeals from summary denials of a Rule 3.850 motion). Moreover, the fact that Petitioner did brief the double jeopardy issue did not result in a waiver of the instant claim. Cortes v. Gladish, 216 F. App'x 897, 899 (11th Cir. 2007) ("Cortes's appeal

- 16 -

did not follow an evidentiary hearing, and, therefore, he was not required to file an appellate brief.  Furthermore, his decision to do so and to address only some of the issues does not waive the remaining issues raised in his Rule 3.850 motion.").  Accordingly, claim two is exhausted and will be addressed on the merits.

Respondent also argues that Petitioner fails to overcome the strong presumption that his counsel's advice fell within the wide range of professional competent assistance as measured by prevailing professional norms as they existed at the time of his conviction (Doc. 22 at 16).  Respondent also urges that Petitioner has not satisfied Strickland's prejudice prong because the trial court made sure that Petitioner knew he was subject to potential deportation.  Id.  The Court agrees that Petitioner has not demonstrated ineffective assistance under Strickland.

Petitioner appears to base his claim on the Supreme Court's decision in Padilla v. Kentucky in which the court held that counsel's failure to inform a defendant of the immigration consequences of pleading guilty may constitute ineffective assistance of counsel. 559 U.S. 356 (2010).  Padilla has not been made retroactive to defendants whose convictions became final before its issuance. See Chaidez v. United States, 133 S. Ct. 1103, 1113 (2013) ("This Court announced a new rule in Padilla.  Under [Teague v. Lane, 489 U.S. 288 (1989)], defendants whose convictions became final prior to Padilla therefore cannot benefit from its

holding."). Petitioner pleaded guilty on September 8, 2009, and judgment was entered on November 9, 2009 (Ex. 3). Petitioner's judgment and sentence became final on December 11, 2009 - prior to the March 31, 2010 Padilla decision. Therefore, this Court must look at the prevailing standards regarding counsel's duty to advise of the immigration consequences of a plea that were in place prior to Padilla.

According to Florida's Second District Court of Appeal in Barrios-Cruz v. State, "prior to the decision in Padilla, no formal duty existed for counsel to advise clients of the immigration consequences of a plea." 63 So. 3d 868, 872 (Fla. 2d DCA 2011). Rather, the trial court was required to notify defendants during the plea colloquy that their pleas may subject them to deportation. Id. (citing In re Amendments to Florida Rules of Criminal Procedure, 536 So. 2d 992, 992 (Fla. 1988)); see also Hernandez v. State, 61 So. 3d 1144 (Fla. 3d DCA 2011) ("Until Padilla was announced, it was understood in Florida that the specific, but equivocal, language in Rule 3.172(c)(8) was sufficient to survive postconviction challenge — including claims of ineffective assistance of counsel."); Chaidez, 133 S. Ct. at 1111 ("All we say here is that Padilla's holding that the failure to advise about a non-criminal consequence could violate the Sixth Amendment would not have been - in fact, was not - 'apparent to all reasonable jurists' prior to our decision.") (quoting Lambrix v. Singletary,

520 U.S. 518, 527-28 (1997)).  The trial court complied with the Florida procedural rules during Petitioner's plea by informing Petitioner, "If you're not a citizen of the United States, not only could this deport you, it could prevent you from ever coming back to this country again legally.  Do you understand that?" (Ex. 2).  Petitioner affirmed his understanding.  Id.

Under the law in effect at the time of Petitioner's plea, counsel had no duty to advise a client of a non-criminal collateral consequence, and as a result, counsel's performance was not defective. See Chaidez, 133 S. Ct. at 1111.  Given the settled law at the time of Petitioner's plea, Petitioner has not met the burden of persuading the Court that "no competent counsel would have taken the action that his counsel did take." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1209 (11th Cir. 2007).  Accordingly, Petitioner has not satisfied the first prong of the Strickland test, and claim two is denied pursuant to 28 U.S.C. § 2254(d). Strickland, 466 U.S. at 697 (Because the petitioner bears the burden of satisfying both prongs of the test, the Court need not "address both components of the inquiry if the [petitioner] makes an insufficient showing on one.").

### C.   Claim Three

Petitioner claims that counsel was ineffective for advising him to reject a ten-year plea offer from the state (Doc. 1 at 8). Petitioner asserted in his second Rule 3.850 motion that counsel

did not "properly" depose the victim and her attending physicians to discover the degree of the victim's injuries, and had he done so, counsel would not have recommended that Petitioner reject the ten-year offer because the trial court based its harsher sentence on the extent of the victim's injuries (Ex. 14).  Petitioner asserts that he was prejudiced by counsel's failure because he received a twenty year prison sentence followed by ten years of supervised release as a result of his open plea to the court (Doc. 1 at 8).

Respondent asserts that this claim is unexhausted and procedurally defaulted because Petitioner did not raise it in a timely filed Rule 3.850 motion and appeal the denial (Doc. 22 at 11-12).  Instead, Petitioner attempted to raise this claim in a second Rule 3.850 motion which was dismissed by the post-conviction court as being filed "well beyond the two year time limit of Fla. R. Crim. P. 3.850[.]" (Ex. 15).

In reply, Petitioner concedes that the claim is unexhausted and is now procedurally barred, but argues that the lack of exhaustion is excused by the United States Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012) (Doc. 25).  In Martinez, the Supreme Court held that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim

> of ineffective assistance at trial if, in the
> initial-review collateral proceeding, there
> was no counsel or counsel in that proceeding
> was ineffective.

Id. at 1320.[5]  Even under Martinez, however, a petitioner cannot

show cause to excuse the procedural default of a claim unless he

establishes that his underlying ineffective assistance claim is

"substantial" – that is, the claim must have "some merit."   Id.

at 1318-19.   Petitioner has failed to show that his underlying

ineffective assistance claim is substantial.

In Lafler v. Cooper, 132 S. Ct. 1376 (2012), the Supreme Court

held that incorrect legal advice which causes a defendant to reject

a plea offer amounts to ineffective assistance of counsel. Id. at

1390.   The court explained that where a petitioner claims

counsel's ineffective advice led to rejection of a plea offer, in

order to demonstrate prejudice, the petitioner must show:

> that but for the ineffective advice of counsel
> there is a reasonable probability that the
> plea offer would have been presented to the
> court (i.e., that the defendant would have
> accepted the plea and the prosecution would
> not have withdrawn it in light of intervening
> circumstances), that the court would have
> accepted its terms, and that the conviction or
> sentence, or both, under the offer's terms
> would have been less severe than under the

---

[5] In 2013, the Supreme Court confirmed that the Martinez
ruling applied to prisoners who technically had the ability to
bring their ineffective assistance claims on direct appeal of their
conviction, but for all intents and purposes had to bring it in
their first habeas petition. Trevino v. Thaler, 133 S. Ct. 1911,
1921 (2013).

> judgment and sentence that in fact were
> imposed.

*Id.* at 1385.[6]  Upon review of the record, the Court concludes that

Petitioner cannot demonstrate prejudice under *Lafler*.

Specifically, given the extent of the victim's injuries,

Petitioner cannot demonstrate that the trial court would have

accepted the terms of the state's ten-year offer or that his

sentence would have been less than that actually imposed. *Id.*

Petitioner asserts that he rejected the state's ten-year

offer because counsel told him that he would receive no more than

eight years in prison if he entered an open plea to the trial court

(Ex. 14 at 3).  Even assuming that counsel inaccurately advised

Petitioner about his likely sentence, as long as a defendant is

aware of the maximum sentence he faces, an inaccurate prediction

about sentencing is insufficient to sustain a claim of ineffective

assistance of counsel. See *United States v. Himick*, 139 F. App'x

227, 228-29 (11th Cir. 2005) ("[A] defendant's reliance on an

attorney's mistaken impression about the length of his sentence is

insufficient to render a plea involuntary as long as the court

informed the defendant of his maximum possible sentence.").

Petitioner does not allege that the trial court failed to advise

---

[6] As in the case before the Court, *Lafler* involved a defendant
whose attorney advised him against accepting a plea offer. *Lafler*,
132 S. Ct. at 1384.  However, in *Lafler*, the parties agreed that
Lafler's attorney performed deficiently.  Thus, the Supreme Court
did not address the performance prong of the *Strickland* test.

him of the maximum sentence he faced – nor could he.  At the plea colloquy, the court informed Petitioner that he faced life in prison on the burglary charge and five years in prison on the battery charge (Ex. 2 at 4-5).  Instead, Petitioner asserts that counsel's advice was based on an inadequate investigation of Petitioner's case because he did not properly depose the victim and her physicians to learn the extent of the victim's injuries. Id.  Petitioner further claims that the sentencing court's consideration of the victim's injuries led to the court's imposition of a twenty-year sentence. Id. at 3-4.  Petitioner urges that "[p]rior to the entering of an open plea, the court would have most likely accepted the [ten-year] plea deal without ordering a PSI" and presumably, would not have learned the extent of the victim's injuries. Id. at 4.

Even if a plea agreement with a ten-year sentencing recommendation was offered by the state,[7] Petitioner's assertion that the trial court would have actually sentenced Petitioner to ten years in prison had he accepted the offer is speculative.  The trial court was not bound in sentencing by any negotiations which may have occurred between the prosecuting attorney and the defense

---

[7] The record contains no evidence of such an offer.  Moreover, no offer or agreement was mentioned at the change of plea hearing. To the contrary, the state prosecutor informed the court that "this is a plea to the court.  There's actually been no agreement." (Ex. 2 at 6).

counsel prior to the plea. Davis v. State, 308 So. 2d 27, 29 (Fla. 1975) ("[A] judge is never bound in sentencing by the negotiations which occur between the prosecuting attorney and the defense counsel.")(citing Brown v. State, 245 So. 2d 41 (Fla. 1971)); Rollman v. State, 887 So. 2d 1233 (Fla. 2004)("[A] trial court retains the authority to alter a prior plea arrangement up until the time sentence is imposed[.]").

Petitioner claims that the trial court would "most likely" have accepted the state's sentencing recommendation since it (the court) would have been ignorant of the extent of the victim's injuries because it may not have ordered a PSI (Ex. 14 at 4). Petitioner also argues that "at the sentencing hearing, the victim gave a letter to the State to read to the court" which, "coupled with a letter from the victim's previous employer" caused the court to impose a harsher sentence. Id. Petitioner provides no support for his speculation that the trial judge would not have ordered a PSI or otherwise learned of the victim's injuries had Petitioner accepted the alleged plea. Indeed, under Florida law, a victim is allowed to appear before the sentencing court for the purpose of making a statement under oath for the record or to submit a written statement to be filed with the sentencing court – even if, as in the instant case, the defendant "pleaded guilty or nolo contendere" to the crime. Fla. Stat. §§ 921.143(1)(a)-(b).  At the plea colloquy, the court explained to Petitioner that at

sentencing, "the victims, if they're present or want to, will make statements to me which I'll listen to carefully and then I'll listen to yours and then I'll make the decision based on what I have, plus the nature of these charges." (Ex. 2 at 13).   Given that the victim chose to exercise her right to make a statement to the court at Petitioner's sentencing hearing, nothing in the record leads to a conclusion that the victim would have failed to testify or to present her letter at a different sentencing hearing if Petitioner had accepted a ten-year offer.[8]

Because Petitioner has not established that the court would have accepted a ten-year sentencing recommendation or that his sentence "would have been less severe than under the judgment and sentence that in fact were imposed[,]" Petitioner cannot show prejudice from counsel's advice that Petitioner reject the state's ten-year offer. Lafler, 132 S. Ct. at 1385.   Consequently, Petitioner has not shown that claim three is "substantial" so as to excuse his procedural default.   Nor has Petitioner presented new and reliable evidence to demonstrate that he is "actually innocent" of the crimes.   Accordingly, claim three is dismissed as unexhausted and procedurally barred.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

---

[8] At Petitioner's plea colloquy, the state attorney stated that the victim had been "very cooperative[.]" (Ex. 2 at 3).

## IV.   Certificate of Appealability[9]

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 537 U.S. at 335-36. Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

---

[9] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Id.   As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

1.    The Florida Attorney General is **DISMISSED** as a named Respondent.

2. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Jorge Rodriguez (Doc. 1) is **DENIED**, and this case is **DISMISSED** with prejudice.

3.    Petitioner is **DENIED** a certificate of appealability.

4.    The Clerk of Court is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___15th___ day of December, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: All Parties of Record